UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RON JON SURF SHOP OF FLA., INC.,
in its capacity as Plan Administrator of
the Ron Jon Savings and Investment Plan,

    Plaintiff,

vs.

Case No. _____

RACHEL HAUCK, RYAN MACDONALD
AND JOHN MALIN REARY,

    Defendants.
_____/

## COMPLAINT IN INTERPLEADER

Ron Jon Surf Shop of Fla., Inc. ("Ron Jon"), as Plan Administrator of the Ron Jon Savings and Investment Plan (the "Plan"), hereby brings this Interpleader action to resolve competing claims to the same set of benefits and alleges as follows:

### JURISDICTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and this Court therefore has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff seeks interpleader which is a fundamental form of appropriate equitable relief under 29 U.S.C. § 1132(a)(3). More specifically, 29 U.S.C. § 1132(a)(3)(B) grants subject matter jurisdiction to a district court in cases where an

1

ERISA fiduciary brings an interpleader action against competing claimants to Plan benefits.

3. Rule 22 provides the procedural vehicle for interpleader.

## VENUE

4. Venue is proper pursuant to 29 U.S.C. § 1132(e))(2) because Plaintiff administers the Plan in this district.

## THE PARTIES

5. Ron Jon is a corporation organized and existing under the laws of the State of Florida, maintaining its principal office and place of business in Cocoa Beach, Florida.

6. Ron Jon is the Plan Administrator of the Ron Jon Savings and Investment Plan, which is an employee retirement benefit plan governed by ERISA.

7. Defendant Rachel Hauck ("Ms. Hauck") is an individual residing in Melbourne, Florida.

8. Defendant Ryan MacDonald ("Mr. MacDonald") is an individual residing in Melbourne, Florida.

9. Defendant John Malin Reary ("Mr. Reary") is an individual residing in Rockledge, Florida.

10. Each Defendant claims entitlement to the same retirement benefits under the Plan as a consequence of the death of Colette Reary, who was a participant in the Plan. The Defendants' competing claims arise under and relate to the Plan.

## FACTUAL ALLEGATIONS

11. On June 18, 2000, Plan participant Colette Reary ("Decedent") executed a beneficiary designation form regarding her account balance in the Plan ("Decedent's Account") designating her children, including Ms. Hauck and Mr. MacDonald, as beneficiaries of Decedent's Account. A copy of this beneficiary designation is attached hereto as Exhibit "A." Although Decedent listed three (3) children as her designated primary beneficiaries, one child Christopher MacDonald pre-deceased her. As a result, Ms. Hauck and Mr. MacDonald are the only surviving children who claim entitlement to their mother's retirement benefits.

12. Per the June 18, 2000 beneficiary designation form, Decedent was "unmarried" at the time she accomplished this designation of her children.

13. Thirteen years after she named her children as the beneficiaries of her retirement Plan benefits, Colette Reary married John Malin Reary on February 14, 2013.

14. On August 29, 2020, a beneficiary designation change was accomplished through the Plan's web-based portal. As a result, John Malin Reary was designated as beneficiary of 100% of Colette Reary's retirement account balance. A Plan record of this beneficiary change is attached hereto as Exhibit "B."

15. Colette Reary died on September 16, 2020.

16. As of the last valuation date of the Plan (12/31/2020), the value of the Decedent's retirement account balance is approximately two hundred eighteen thousand dollars ($218,000).

17. On or about October 13, 2020, Ms. Hauck and Mr. MacDonald made claims to Decedent's Account. According to Ms. Hauck and Mr. MacDonald, their mother Colette Reary was seriously ill and suffering from debilitating effects of cancer treatment in August, 2020 as an inpatient resident at a rehabilitation facility in Vero Beach, Florida.

18. Ms. Hauck and Mr. MacDonald assert that while their mother Colette Reary was ailing and unable to receive visitors at the rehabilitation facility due to Covid restrictions, John Malin Reary utilized Colette Reary's laptop to access her retirement account in late August, 2020 and change the beneficiary under the Plan. In so doing, he listed himself – John Malin Reary – as sole beneficiary of the Decedent's Account.

19. Ms. Hauck and Mr. MacDonald contend that Mr. Reary's actions of August, 2020 were unauthorized and contrary to the stated intentions of Colette Reary who wanted her retirement Plan benefits to go to her surviving children.

20. Ms. Hauck and Mr. MacDonald rest their claim to the Decedent's Account on the beneficiary designation of June 18, 2000 which pre-dates Colette Reary's marriage in 2013 to John Malin Reary.

21. On the other hand, John Malin Reary rests his claim to the Decedent's Account on his status as the surviving spouse of Colette Reary.

22. Section 1055(c)(2)(A) of ERISA ("Section 1055") provides that a plan participant may designate someone other than her spouse as the beneficiary of the plan if (i) the spouse consents in writing, and (ii) "the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public ...."

23. Plaintiff is unaware of the existence of any documents executed by John Malin Reary evidencing his consent to either Ms. Hauck or Mr. MacDonald as Decedent's designated beneficiaries. Nonetheless, Plaintiff has received claims from Mr. Hauck and Mr. MacDonald who insist they - and not Mr. Reary - should receive the retirement Plan benefits that form the basis of this controversy.

24. By reason of the adverse claims of the Defendants, Ron Jon, as Plan Administrator, cannot determine who is entitled to Decedent's Account without significant risk of multiple litigation.

## CAUSE OF ACTION

25. Plaintiff incorporates the prior paragraphs 1-24 of this Complaint as if the same were set forth herein.

26. By way of this interpleader, Plaintiff seeks certainty regarding Defendants' respective rights to the Decedent's Account. Plaintiff wishes to protect against inconsistent findings and also seeks to avoid vexation and the expenses associated with double litigation.

27. There is presently an actual, justiciable controversy as to proper beneficiaries of Decedent's Account.

5

28.     Each Defendant has made colorable claims to the same set of benefits. Plaintiff is a mere disinterested stakeholder to this action because it does not assert any interest in Decedent's Account and has done nothing to cause this controversy.

29.     A disinterested stakeholder typically relinquishes custody of the disputed amount and places the funds in the hands of the Court Registry (or equivalent custodial account). In this instance, however, depositing the Decedent's Account in the Court Registry pending resolution of this action would be impracticable and inconsistent with the interests of the potential beneficiaries for the following reasons:

   a.    The Plan is a tax-qualified retirement plan under § 401(a) of the Code. Thus, depositing Decedent's Account with the Court would likely generate a taxable and reportable distribution. As there is uncertainty regarding the proper beneficiary, the Plan would not be able to properly report to the IRS on the recipient of the distribution.

   b.    Under ERISA and the Plan, potential distributees may have options to receive Decedent's Account in manners other than a lump-sum distribution. These options would likely be lost if Decedent's Account were deposited into the Court. The loss of these options could result in additional tax liability for the potential distributees, and reduce their potential benefit from Decedent's Account.

30.     Accordingly, Plaintiff intends to request leave of Court (or seek the consent of the competing claimants) to retain Decedent's account balance in the Plan

pending final resolution of this action as between the competing claimants. Plaintiff consents to the Court retaining jurisdiction over Plaintiff even after its dismissal from this action, *for the limited purpose* of directing Plaintiff to relinquish the disputed funds to the rightful beneficiary(ies).

WHEREFORE, Plaintiff respectfully requests this Court take jurisdiction over this ERISA matter, and issue an Interpleader order or orders:

(a) authorizing Plaintiff's request for Interpleader;

(b) discharging Plaintiff from this action, with the sole exception that the Court shall reserve jurisdiction to implement payment of Decedent's Account (minus any reasonable fees and costs awarded to Plaintiff) after the Court determines the proper beneficiary or beneficiaries to Decedent's Account;

(c) awarding Plaintiff its reasonable fees and costs associated with this Interpleader proceeding, to be paid from Decedent's Account after the Court determines the proper beneficiary(ies) to Decedent's Account and before Plaintiff makes payment of Decedent's Account to the rightful beneficiary(ies);

(d) barring any and all Defendants to this action, and their successors and assigns, from instituting any other action against Plaintiff with respect to Decedent's Account;

(e) requiring the Defendants in this action to proceed to determine the proper disposition of Decedent's Account as between themselves; and

(f) providing such other and further relief to which Plaintiff may be entitled.

Respectfully submitted this 5th day of January, 2021.

*s/ Daniel Alter*
Daniel Alter, Esq.
Florida Bar No.: 0033510
GrayRobinson, P.A.
401 E. Las Olas Blvd., Suite 1000
P.O. Box 2328
Ft. Lauderdale, Florida  33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112
DAlter@gray-robinson.com

Brian K. Furgala, Esq.
Florida Bar No.: 0050752
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida  32802-3068
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
BFurgala@gray-robinson.com

*Attorneys For Plaintiff Ron Jon Surf Shop of Fla., Inc., in its capacity as Plan Administrator of the Ron Jon Savings and Investment Plan.*

#43137866 v1